IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VICTOR JANDELL CULVER, | ) | |
| # 255612, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:20-CV-769-ECM-SRW |
| | ) | [WO] |
| DONALD VALENZA, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state prisoner Victor Jandell Culver.  Doc. 7; *see* Doc. 1.  Culver challenges the August 2020 revocation of his Alabama parole and seeks release from confinement.  Respondents argue that Culver has failed to exhaust his state court remedies regarding his parole revocation.  Doc. 20.  Respondents maintain that Culver's petition should be dismissed without prejudice so he can exhaust his claims in the state courts.  *Id.*

In light of the arguments and evidence presented by respondents, the court entered an order allowing Culver to demonstrate why his petition should not be dismissed without prejudice for his failure to exhaust state court remedies.  Doc. 25.  Culver filed a response indicating that he has no objection to dismissal of his petition without prejudice.  Doc. 26.

## II.  DISCUSSION

A prerequisite to filing a federal habeas corpus petition is that the petitioner must exhaust his state court remedies, 28 U.S.C. § 2254(b)(1), giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)); *see also*

*Castille v. Peoples*, 489 U.S. 346, 349 (1989). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277–78.  To exhaust, "prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)).

Under Alabama law, initial review of an action by the parole board "is by a petition for a common-law writ of certiorari filed in the Circuit Court of Montgomery County." *Henley v. State of Alabama Board of Pardons and Paroles*, 849 So.2d 255, 257 (Ala. Crim. App. 2002); *see also Johnson v. State*, 729 So. 2d 897, 898 (Ala. Crim. App. 1997).  A complete round of appellate review of an adverse ruling on a petition for a common-law writ of certiorari in Alabama is (1) appealing the denial of the petition to the Alabama Court of Criminal Appeals, *see* § 12-3-9, Ala. Code 1975; (2) petitioning the Alabama Court of Criminal Appeals for rehearing, *see* Ala.R.App.P. 39(c)(1); and (3) seeking discretionary review in the Alabama Supreme Court, *see* Ala.R.App.P. 39(c).  *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004).

Here, Culver has failed to exhaust any claim he may have, because he has yet to seek initial review of the parole board's action revoking his parole by filing a petition for a common-law writ of certiorari in the Circuit Court of Montgomery County and has not sought appellate review of any decision by the Circuit Court of Montgomery County. This court does not consider it appropriate to rule on the merits of Culver's claims without first requiring that he exhaust his state court remedies.  *See* 28 U.S.C. § 2254(1)(b)(2).  The court therefore concludes that this § 2254 petition should be dismissed without prejudice so Culver may exhaust his state court remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE to allow Culver to exhaust his state court remedies.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before January 19, 2021.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*).  See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE on this the 5th day of January, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge